IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*In Re Corey J. Campbell*

PETITIONER'S APPLICATION FOR A WRIT OF IN THE NATURE OF ERROR CORAM NOBIS AND SUPPORTING BRIEF.

No.:_____

Corey J. Campbell
9362 Long Lane
Cincinnati Ohio, 45231
*Petitioner*

John P. Roth
Secretary of the Air Force
1670 Air Force Pentagon
Washington, District of Columbia 20330-1670
*Respondent*

---

Corey J. Campbell [hereinafter Petitioner], by and through his undersigned counsel, submits this brief in support of his application for a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651.  Respondent Secretary of the Air Force has purported to execute a punitive discharge in Petitioner's case pursuant to Article 76, Uniform Code of Military Justice (10 U.S.C. § 876)(2012) [hereinafter UCMJ].  Said execution was unlawful because the referral for re-trial of the relevant charges was jurisdictionally void.  Further, the findings were tainted

by due process violations of constitutional dimension.  Finally, sentence was beyond the jurisdiction of the convening authority to approve because it violated Article 63, UCMJ.

<u>Statement of Issues</u>

I.

THE COURT-MARTIAL WHICH CONDUCTED REHEARING IN PETITIONER'S CASE LACKED JURISDICTION BECAUSE IT WAS IMPROPERLY CONVENED.

II.

THE MILITARY JUDGE'S EVIDENTIARY INSTRUCTION CONSTITUTED A DUE PROCESS VIOLATION WHICH INVITED THE PANEL TO CONVICT PETITIONER BASED UPON AN UNCHARGED THEORY OF CRIMINAL LIABILITY. THE ERROR IS OF SUCH MAGNITUDE AS TO REQUIRE THIS COURT TO SET ASIDE THE FINDINGS AND THE SENTENCE.

III.

THE SENTENCE EXCEEDS THE JURISDICTIONAL LIMITS OF THE COURT-MARTIAL UPON RE-HEARING.

<u>History of Case</u>

On May 18-21, 2015, Staff Sergeant Corey J. Campbell, [hereinafter Petitioner] was tried at Wright-Patterson Air Force Base, Ohio before a military judge sitting as a general court-martial.  Contrary to his pleas, the military judge convicted the Petitioner of one specification of sexual assault, two specifications of sexual contact, one specification of adultery, and one specification of a general disorder, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 934 (2008)[hereinafter UCMJ].

The military judge sentenced Petitioner to be reduce to the grade of E-1, to total forfeiture of pay and allowances, to 55 months of confinement and a dishonorable discharge.  The convening authority approved the adjudged sentence, and credited Petitioner with 31 days *Allen* credit against the sentence to confinement.

In *United States v. Campbell*, ACM 38875, 2017 CCA LEXIS 153 (A.F. Ct. Crim. App. 28 Feb. 2017) (unpub. op.), the Air Force Court of Criminal Appeals [hereinafter AFCCA] affirmed Petitioner's findings and sentence holding a military judge's use of charged conduct for propensity purposes was not constitutional error and did not warrant a test for prejudice using the harmless beyond a reasonable doubt standard.  The Court of Appeals for the Armed Forces [hereinafter CAAF] summarily reversed and remanded Petitioner's case for

3

consideration under *United States v. Hukill*, 76 M.J. 219 (C.A.A.F. 2017).  *United States v. Campbell*, 76 M.J. 440 (C.A.A.F. 2017) (mem.).

On December 13, 2017, the AFCCA again affirmed Petitioner's finding and sentence.  *United States v. Campbell*, ACM 38875 (rem), 2017 CCA LEXIS 754 * (A.F. Ct. Crim. App. Dec. 13, 2017)(unpub. op.).

On April 12, 2018, CAAF set aside the findings of guilt as to Charge I, Specification 4 and Additional Charge I, Specifications 1 and 2, set aside the sentence, and returned the record to the Judge Advocate General of the Air Force [hereinafter TJAG] for remand to the Air Force court. *United States v. Campbell*, Order (C.A.A.F. Apr. 18, 2018)(unrep.).

On July 10, 2018, Petitioner petitioned AFCCA for a writ in the nature of mandamus.  Petitioner petitioned AFCCA court for an order directing confinement officials to immediately release him from parole because the CAAF had ordered his sentence set aside but Air Force officials continued to execute it.  On July 12, 2018, the Air Force court ordered that the record of trial be returned to TJAG for remand to the convening authority, with a rehearing authorized as to Charge I Specification 4, and Additional Charge I Specifications 1 and 2. (R. at 3(retrial); App. Ex. XXXVI).  In a separate order which it simultaneously issued, the Air Force court declined to grant Petitioner his requested writ.  *Campbell v. Forbus*, Misc Dkt No. 2018–06 (A.F. Ct. Crim. App. July 12, 2018).

On November 5 and 28, 2018, and March 4-9, 2019, a military judge and a panel with enlisted representation sitting as a general court-martial re-tried Petitioner. Contrary to his plea, the court-martial again convicted Petitioner of one specification of sexual assault, in violation of Article 120, UCMJ.[1]  The panel sentenced the Petitioner to reduction to E-1, total forfeiture of pay and allowances, 4 years of confinement, and a dishonorable discharge.  The military judge ordered Petitioner credited with 141 days of confinement for unlawful pre-trial punishment. The convening authority again credited Petitioner with 31 days of *Allen* credit.

In *United States v. Campbell*, ACM 38875 (reh.)(A.F. Ct. Crim. App. 10 Feb. 2021) (unpub. op), the AFCCA affirmed the findings in Petitioner's case.

On March 15, 2021, Petitioner petitioned CAAF for a grant of review and moved CAAF for leave to separately file his Supplement.  *United States v. Campbell*, 2021 CAAF LEXIS 234 (2021)(unrep.).  On March 16, 2021, CAAF granted Petitioner's motion.  *United States v. Campbell*, 2021 CAAF LEXIS 239 (2021)(unrep.).  On July 15, 2021, CAAF denied further review to Petitioner.

<u>Prayer for Relief</u>

Pursuant to the All Writs Act, 28 U.S.C. § 1651, the Petitioner seeks this Court to grant his application for a writ of error coram nobis, set aside the findings

---

[1] The panel acquitted Petitioner of Additional Charge I.  The military judge ruled that the convening authority did not refer Additional Charge II to the court for resentencing. The Convening Authority approved a sentence of no punishment as to Additional Charge II.

and the sentence of the court-martial which tried him, order Respondent to revoke

the orders executing the punitive discharge, and order Respondent to return his

record of trial to Judge Advocate General of the Air Force for further consistent

action.

Facts Relevant to the Petition

In 2014, Petitioner attended a Halloween party with members of his soccer

league.  (R. at 240)(rehearing).  Most guests were drinking.  (R. at 242)(rehearing).

Among the other guests were Petitioner's then-sister-in-law, Mackenzie Hucker

and her friend Kristin Martin.[2]  (R. at 242)(rehearing).  During the party,

Petitioner's then-wife decided that his then-sister-in-law, Miss Hucker, had drunk

too much and should go to sleep.  (R. at 250).  She directed Miss Hucker to a

bedroom in which Mrs. Martin was already asleep.  *Id*.  Miss Hucker claimed that

she fell asleep but awoke to find Petitioner engaged in sexual intercourse with her.

(R. at 255)(rehearing).

Mrs. Martin witnessed the sex act and testified to a radically different

sequence of events.  She indicated that Miss Hucker was moaning during the sex

act (R. at 152)(original record), and that she heard Petitioner say to Miss Hucker

"Is this ok, Mickey?" and "You're wild, Mickey."  (R. at 155)(original record).

Mrs. Martin indicated that, if Miss Hucker had engaged in sexual acts with her

---

[2] Mrs. Martin is the former Kristin Carter.  At the time of the initial hearing, she was unmarried.  For the sake of clarity, this brief utilizes her married name.

boyfriend under exactly the same circumstances and at exactly the same time and place, Mrs. Martin would have considered the act to be consensual.  (R. at 159)(original record).

Consistent with her initial impression of consent, Mrs. Martin did not intervene during the sex act.  After its completion, she screamed "you just raped her." (R. at 89)(original record).  Petitioner told Mrs. Martin "no, she was awake the entire time" and began to argue with Mrs. Martin. (R. at 257)(rehearing).  Thereafter, Miss Hucker obtained a sexual assault nurse examination. (R. at 258)(rehearing).

## I.

### THE COURT-MARTIAL WHICH CONDUCTED REHEARING IN PETITIONER'S CASE LACKED JURISDICTION BECAUSE IT WAS CONVENED IN VIOLATION OF THE REMAND ORDER.

#### Law

A writ of error coram nobis is an "extraordinary remedy" intended to achieve justice when "errors of the most fundamental character" have occurred in a criminal proceeding. *United States v. Morgan*, 346 U.S. 502, 511-12, 74 S. Ct. 247, 252-43, 98 L. Ed. 248 (1954) (quoting *United States v. Mayer*, 235 U.S. 55, 69, 35 S. Ct. 16, 19, 59).  It is available to a petitioner no longer in custody who seeks to vacate his conviction in circumstances where "the petitioner can demonstrate that he is suffering civil disabilities as a consequence of the criminal convictions and

that the challenged error is of sufficient magnitude to justify the extraordinary relief." *United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989) (citations omitted); see also *United States v. Castro*, 26 F.3d 557, 559 n. 3 (5th Cir. 1994).

A writ of error coram nobis, although conducted under the rules of civil procedure, is a continuation of the criminal proceeding of which a Petitioner complains. *United States v. Wilkozek*, 822 F.3d 364, 368 (7th. Cir. 2016). Venue for a Servicemember who petitions for a writ of error coram nobis lies in the district in which the officer responsible for the jurisdictional defect of which he complains is present. 28 U.S.C. §1381(e)(1). A service secretary may be present within more than one federal district for the purposes of venue and is considered present within the federal district for the District of Columbia when he performs a significant amount of his duties there. *Smith v. Dalton*, 927 F. Supp. 1, 5-6 (D.D.C 2004).

"Courts-martial are tribunals of special and limited jurisdiction whose judgments, so far as questions relating to their jurisdiction are concerned, are always open to collateral attack." *Fricke v. Secretary of the Navy*, 509 F.3d 1287, 1289 (10th Cir. 2007)(internal citations omitted). This court conducts *de novo* review of questions concerning court-martial jurisdiction. *Willenbring v. United States*, 559 F.3d 225, 232 (4th Cir. 2009). This court grants no deference to the prior jurisdictional conclusions of the military courts. *Fricke*, 509 F.3d at 1290.

A convening authority's actions on remand are circumscribed by order returning a case to him.  A convening authority may only refer charges in a way "that conforms to the limitations and conditions prescribed by the remand." *United States v. Montesinos*, 28 M.J. 38, 44 (C.M.A. 1989). A convening authority's referral on remand in only "by delegation from the [CCA]—to which he was subordinate" because he possesses on remand "no independent statutory authority at that time to act on the findings and sentence."  *United States v. Carter*, 76 M.J. 293, 295-96 (C.A.A.F. 2017) <u>citing</u> *Montesinos*, *Id.*.  TJAG "shall . . . instruct the convening authority to take action in accordance with the decision of the [CCA]" Art. 66(e). If the convening authority ventures beyond the scope of the remand by noncompliance with the remand order, the referral is void for want of jurisdiction. Cf. *United States v. Riley*, 55 M.J. 185, 188 (C.A.A.F. 2001).

In reviewing the proceedings of the military justice system, courts of the District of Columbia circuit grant no more deference to the factual determinations of a military court than they would to a state court's proceeding, unless a clear military necessity requires a greater degree of deference.  *Kauffman v. Secretary of the Air Force*, 415 F.2d 991, 997 (D.C. Cir. 1967).  This court may grant an extraordinary writ to a military petitioner when this court finds that the military proceedings violated the petitioner's due process rights.  *Id*.

Parole is "a conditional release from confinement, under the guidance and supervision of a USPO [United States Parole Officer]," DoDI 1325.07, Administration of Military Correctional Facilities and Clemency and Parole Authority, (11 MAR 13), Glossary.  It is imposed pursuant to an approved sentence to confinement and does not continue beyond the sentence to confinement.  DoDI 1325.07, Enclosure 2, para. 16.  Parole is a form of confinement.  A servicemember "on parole is 'in custody' within the meaning of 28 U.S.C. 2255," entitling him to relief by writ of habeas corpus.  *United States v. Drobny*, 955 F.2d 990, 995 (5th Cir. 1992).

## Argument

The Convening Authority's jurisdiction to refer the set-aside Charges to rehearing was dependent upon his compliance with the remand order.  A convening authority may only refer charges in a way "that conforms to the limitations and conditions prescribed by the remand." *United States v. Montesinos*, 28 M.J. 38, 44 (C.M.A. 1989).  Here, the convening authority did not comply with the conditions of the remand order returning the matter to him.  That order directed the Convening Authority to "take action consistent" with the CAAF remand. That remand directed that the sentence be set aside.  *United States v. Campbell*, 2018 CCA LEXIS 356 (A.F. Ct. Crim. App. 12 Jul 2018)(unrep.).  The Convening Authority's order directing a rehearing did not contain language setting aside the

sentence.  (R. at GCMCO #3).  Instead, Petitioner continued to be subject to

punishment under the original sentence until well after his purported arraignment

at the rehearing.  App. Ex. LXVIII.  This was not an administrative oversight.

Rather, the Convening Authority had full knowledge "at all relevant times" that it

continued to execute the sentence, despite CAAF's order to set it aside.  (R. at 622;

App. Ex. LX).  Although no objection is necessary in case of jurisdictionally

defective referral, Petitioner specifically objected to defect in the referral.  (R. at

69-70)(remand); *United States v. Robinson*, 33 C.M.R. 206, 210 (C.M.A. 1963).

Further, although Petitioner is not required to complain of a violation of a remand

order in order to subsequently raise a jurisdiction defense, Petitioner complained

repeatedly to Air Force confinement and judicial officials.  Def. App. Exs. D, E, F,

and G.

   The Convening Authority's referral was jurisdictionally void because it

occurred outside of the limits which CAAF set on the Convening Authority's

discretion.  The Convening Authority did not have discretion to refer the matter to

a court-martial while not setting aside the sentence.  A Convening Authority must

either immediately release an accused whose case is pending rehearing or

immediately initiate pre-trial confinement procedures under R.C.M. 305.  *United*

*States v. Miller*, 47 M.J. 352, 361-62 (C.A.A.F. 1997); Art. 66(e), UCMJ.  He

cannot continue to execute a set-aside sentence.  *Id*.  CAAF required the

Convening Authority to set aside the sentence immediately upon the receipt of the case as a precedent to the exercise of court-martial authority.  The Convening Authority did not comply.  Therefore, because the precedent to the exercise of jurisdiction, the setting aside of the sentence, had not occurred at the time of referral or at the time of arraignment, the findings of the court-martial must be set aside for jurisdictional defect caused by noncompliance with the remand.

II.

> THE MILITARY JUDGE'S EVIDENTIARY INSTRUCTION CONSTITUTED A DUE PROCESS VIOLATION WHICH INVITED THE PANEL TO CONVICT PETITIONER BASED UPON AN UNCHARGED THEORY OF CRIMINAL LIABILITY. THE ERROR IS OF SUCH MAGNITUDE AS TO REQUIRE THIS COURT TO SET ASIDE THE FINDINGS AND THE SENTENCE.

Standard of Review

Questions pertaining to the substance of a military judge's instructions, as well as those involving statutory interpretation, are reviewed de novo.  *United States v. Lopez de Victoria*, 66 M.J. 67, 73 (C.A.A.F. 2008); *United States v. Smith*, 50 M.J. 451, 455 (C.A.A.F. 1999).

Law and Analysis

A criminal conviction cannot be affirmed based on a theory of liability that was not charged. *United States v. English,* 79 M.J. 116, 122 (C.A.A.F. 2019); *United States v. Ober*, 66 M.J. 393, 405 (C.A.A.F. 2008) (<u>citing</u> *Chiarella v. United States*, 445 U.S. 222, 236-37 (1980)).

When known facts indicate separate and mutually exclusive theories of criminal liability, an exigency of proof of exists.  In such cases, the Government may properly charge *both* offenses and prosecute the accused under alternate theories of criminal liability.  Nevertheless, the Government is required to refer both offenses to trial. *United States v. Byard*, 29 M.J. 803, 808 n.18 (A. Ct. Crim. App. 1989) (emphasis in original); <u>see also</u> *United States v. Sager*, 76 M.J. 158 (C.A.A.F. 2017).

Although a Petitioner for extraordinary relief may not obtain mere re-evaluation of the evidence, civilian courts retain jurisdiction over the legal aspects of claims which military courts previously considered and may grant extraordinary relief where a Petitioner demonstrates that a due process violation is sufficiently prejudicial so as to infect the trial. *Ward v. United States*, 982 F.3d 906, 912-13 (4th Cir. 2020) <u>citing</u> *Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S. Ct. 1730, 52 L. Ed. 2d 203 (1977) (internal quotation marks omitted).

The Government charged and referred a theory of bodily harm due to "nonconsensual" conduct, but pursued at trial a theory of criminal liability it did

not charge or refer to court-martial—"incapable of consent through intoxication."

Bodily harm through "lack of consent" is a different theory than "unable to

consent" due to intoxication.

> Trial Defense Counsel attempted to argue that

>> "[T]he government's made much of the fact that Mackenzie had been drinking. But she wasn't drinking so much that she couldn't consent. First of all, that's not the charge here, it's a different charge under the Uniform Code of Military Justice that a person is asleep, unconscious, or otherwise unable to consent. That's a different charge, that's not what's charged here. What's charged here is that she could consent but didn't. That's the charge.

R. at 567(rehearing).

The government objected to this argument as "a misstatement of the law."

The military judge sustained the government's objection, ruling that incapacitation

and non-consent are, in effect, the same theory of criminal liability. *Id.* The

government argued that Miss Hucker's supposed incapacitation rendered her

sexual conduct non-consensual. (R. at 556-57)(rehearing). During deliberations,

the panel requested additional instructions on incapacitation. (R. at 612-

13)(rehearing). The military judge gave the requested instruction.

The military judge erred in instructing the panel as to incapacitation when

bodily harm was the charged theory. A bodily harm theory requires proof that an

act was done without the lawful consent of the person affected, while a lack of

consent because of incapacitation theory requires proof the alleged victim was unable to say "no" because of "impairment." *See United States v. Riggins*, 75 M.J. 78, 83 (C.A.A.F. 2016). The theories are mutually exclusive. In order to pursue each of these theories at trial, the government was required to charge each theory separately in the alternative, have each theory investigated at an Article 32, UCMJ hearing, and then refer each theory to trial by court-martial. *Byard*, 29 M.J. at 808 n.18; *see also Sager*, 76 M.J. 158. Instead, the government argued, and the military judge instructed the panel as to incapacitation, an uncharged theory of criminal liability. This was constitutional error.

The panel's request for additional instruction as to definitions surrounding incapacitation make it probable that the panel convicted Petitioner based on the uncharged theory of criminal liability that Miss Hucker was incapacitated and therefore unable to consent, instead of finding that she did not consent. (R. at 612-13)(rehearing). The military judge's ruling that the law permitted the government to argue incapacitation when it charged non-consent, and the military judge's subsequent instructions to the panel concerning incapacitation invited the panel to consider an uncharged theory of criminal liability. This was constitutional error which requires this honorable court to set aside the findings and the sentence.

WHEREFORE, the Petitioner respectfully requests this Court set aside his conviction and sentence.

## III.

## THE CONVENING AUTHORITY APPROVED A SENTENCE IN EXCESS OF THE JURISDICTION OF THE COURT-MARTIAL BECAUSE THE SENTENCE VIOLATES ARTICLE 63, UCMJ.

The Convening Authority approved a sentence that is more severe than that which Petitioner received at the original trial.  The approved sentence did not decrease in approximate proportion to Petitioner's reduced maximum sentence at the case in rehearing.  The sentence was therefore in excess of the jurisdiction of the Convening Authority to approve.

### Law

Art. 63, UCMJ provides that "upon a rehearing . . . no sentence in excess of or more severe than the original sentence may be approved[.]" R.C.M. 810(d)(1) implements Art. 63, UCMJ by requiring that "offenses on which a rehearing . . . has been ordered shall not be the basis for an approved sentence in excess of or more severe than the sentence ultimately approved by the convening or higher authority following the previous trial[.]"  Although Art. 63's prohibition on increased punishment are not reducible *in toto* to any specific formula, mathematical calculations involving comparisons between different types of punishments are "instructive but not conclusive" in giving effect to Art. 63. *United States v. Altier*, 71 M.J. 427, 428 (C.A.A.F. 2012) <u>citing</u> *United States v. Mitchell*, 58 M.J. 446, 448-49 (C.A.A.F. 2003).

16

"[T]he canon against surplusage is strongest when an interpretation would render superfluous another part of the same statutory scheme." *United States v. Sager*, 76 M.J. 158, 162 (C.A.A.F. 2017) <u>citing</u> *Yates v. United States*, 135 S. Ct. 1074, 1085, 191 L. Ed. 2d 64 (2015).

A Convening Authority is responsible for approving only a sentence which complies with Art. 63, UCMJ and none in excess of its limits. *United States v. Davis*, 63 M.J. 171, 175 (C.A.A.F. 2006). Under the version of Art. 60, UCMJ applicable to the rehearing, a Convening Authority's action as to the sentence is jurisdictional. *United States v. Coffman*, 79 M.J. 820, 823 (A. Ct. Crim. App. 2020).

### Standard of Review

"The maximum punishment authorized for an offense is a question of law…" which a court reviews "de novo." *United States v. Beaty*, 70 M.J. 39, 41 (C.A.A.F. 2011)

### Argument

Petitioner's sentence for the single specification for which he was resentenced is in violation of Art. 63, because the sentence is more severe when considering the ratio of actual to authorized maximum punishment. The Convening Authority may not approve a rehearing sentence which is more severe than the original sentence. Art. 63, UCMJ. At the original trial, Petitioner received a sentence of 55 months of confinement. (R. at 299)(original trial). The

maximum sentence at that proceeding was 541 months.  (R. at 288)(original trial).

Petitioner therefore received a sentence that was ten percent of the maximum

sentence available.  At his rehearing, however, the Convening Authority did not

refer all charges to resentencing.  (App. Ex. CXXVIII)(rehearing).  Additionally,

the panel acquitted Petitioner of the two specifications of aggravated sexual contact

contained in Additional Charge I.  (R. at 617)(rehearing).  The maximum

confinement authorized at Petitioner's rehearing was therefore 360 months.  (R. at

660)(rehearing).  His sentence, however, was 48 months, or thirteen percent of the

maximum authorized term of confinement.  This sentence represents an increase in

the punishment to maximum punishment ratio.  It is therefore a more severe

punishment.

Art. 63, UCMJ contains two theories through which a Convening Authority

may violate its provisions.  Sentences upon rehearing that are "more severe" or

sentences that "as in excess of" the previous sentence violate Art. 63, UCMJ.  This

court strongly presumes that a statute's alternate theories mean different things and

are not surplusage.  *United States v. Sager*, 76 M.J. 158, 162 (C.A.A.F. 2017)

<u>citing</u> *Yates v. United States*, 135 S. Ct. 1074, 1085, 191 L. Ed. 2d 64 (2015).

("[T]he canon against surplusage is strongest when an interpretation would render

superfluous another part of the same statutory scheme).  "More severe" must

therefore have a different meaning than "in excess of."  This court should find that,

while Petitioner's new sentence to confinement was not in excess of the former

sentence, it is more severe because the approved punishment to maximum punishment ratio at resentencing is more severe than at his original court-martial. It therefore should grant to Petitioner relief against the sentence.

Had the Convening Authority applied the same ten percent ratio applied at resentencing, Petitioner would have received eight fewer months of confinement. His sentence is therefore more severe because the approved punishment to maximum authorized punishment ratio increased.

The sentence which the Convening Authority approved was beyond his jurisdiction. *Coffman*, 79 M.J. at 823.  This court should therefore reduce Petitioner's sentence to confinement to place it within the same punishment to maximum punishment ratio as was approved at the original trial.

## **Conclusion**

Based upon the foregoing, petitioner requests that a writ in the nature of error coram nobis should issue.

Robert Feldmeier
Attorney-at-law
THE LAW OFFICES OF ROBERT
FELDMEIER
2920 Forestville Road, Suite 100-1076
Raleigh, North Carolina 27616
336-416-2479
robert.a.feldmeier@gmail.com